# CASES

## IN THE

# SUPREME COURT

### ON APPEALS FROM THE

## COURT OF CHANCERY

---

WILLIAM C. LOFLAND, JAMES T. LANK, HARLAND M. JOSEPH,
WILLIAM E. TUNNELL, WILLIAM H. BOOKHAMMER, JOHN R.
BAYLIS AND WILLIAM J. THOMPSON,

Defendants below, Appellants,

*vs.*

JOSEPH L. CAHALL, Receiver of Lewes Fisheries Company,

Complainant below, Appellee.

*Supreme Court, on Appeal, Oct.* 31, 1921.

Under *Rules* 7, 42, and 43, where the register was unable to file the transcript within the time prescribed because the testimony which constituted a considerable and essential part of the record was voluminous and the stenographer had been unable to transcribe it and deliver it to the register in time, the appeal will not be dismissed.

The court takes notice that the record which must be certified to the Supreme Court by the clerk of the court below is and must be prepared very largely by the stenographer who took the testimony, especially where the testimony is voluminous and the exhibits numerous.

Under *Rules* 19 and 30, appellant is not required to file the copies of the record and briefs of counsel with the clerk of the Supreme Court until the transcript of the record has been transmitted by the register of the court below.

As under *Rule* 20, the assignments of error are to be filed in the court below and made a part of the record, where the transcript of the record has not

been transmitted, owing to the inability of the clerk to transmit it, the appeal will not be dismissed for failure to file the assignments of error within the time prescribed, as such failure could not have prejudiced or inconvenienced appellee.

APPEAL FROM COURT OF CHANCERY. Upon a decree being entered in the Court of Chancery in accordance with the opinion reported in 12 *Del. Ch.* 299, an appeal was taken by some of the defendants. At the adjourned October term of the Supreme Court a motion to dismiss the appeal was made by the solicitors for the appellee, the grounds of which and the facts relating thereto are set forth in the opinion of the court.

PENNEWILL, C. J., and HEISEL, HARRINGTON, and RICHARDS, JJ., sitting.

*David J. Reinhardt, Richard S. Rodney,* and *James M. Tunnell,* for the appellants.

*Henry Ridgely* and *George M. Fisher, Jr.,* for the appellee.

PENNEWILL, C. J., delivering the opinion of the court:

At the adjourned October term of the Supreme Court, October 25, 1921, the appellee in the above stated case presented the following motion:

"Joseph L. Cahall, Receiver of Lewes Fisheries Company, complainant below, appellee, by Henry Ridgely and George M. Fisher, Jr., his counsel, move to dismiss the above stated appeal, because no assignment of errors has been filed with the Register in Chancery of the court below, and because a transcript of the record of the cause in the court below has not been transmitted to this court, and because no copies of the record have been filed with the clerk of this court, and because no briefs or copies thereof have been filed in this court by the counsel for appellants, as prescribed by the rules of this court, no extension of time therefor having been granted."

It will be observed that the court was asked to dismiss the appeal on four grounds, viz.:

1. Because no assignment of errors has been filed with the Register in Chancery of the court below.

2. Because a transcript of the record of the cause in the court below has not been transmitted to this court.

3. Because no copies of the record have been filed with the clerk of this court.

4. Because no briefs or copies thereof have been filed in this court by counsel for appellants.

It is claimed by the appellee that the failure to file said papers was a non-compliance with the rules of this court, no extension of time therefor having been granted under said rules, and the appeal should, therefore, be dismissed.

The rules of court pertinent to this motion are, as follows:

"*Rule 7.* The writ of error shall require the prothonotary, register or clerk of the court below to transmit to this court within fifteen days from the service of the writ a copy of the record of the cause in the court below; and certify under his hand and seal of office the correctness of said record.

"*Rule 19.* The counsel for the plaintiff in error or appellant, within fifteen days after the record shall have been filed in this court, shall file with the clerk at least fifteen printed or clearly legible typewritten copies thereof; thereupon the clerk shall make a memorandum of the time of filing the same and forthwith transmit three copies thereof to the counsel for the adverse party with a memorandum of the time of filing thereof, retaining in his office at least ten copies for use of the court.

"*Rule 20.* The plaintiff in error or appellant, within ten (10) days after filing his præcipe in this court, shall file with the prothonotary, register, or clerk of the court below an assignment of errors, which shall set out separately and particularly the matters in the court below alleged and intended to be urged as error; and said assignment of errors shall be included in and made a part of the record of the cause to be certified to this court.

"*Rule 30.* The counsel for the plaintiff in error or appellant, within twenty days after he shall have filed in this court the copies of the record as required by rule nineteen, shall file with the clerk twenty printed or clearly legible typewritten copies of his brief, and the time of the filling thereof shall be noted by the clerk.

"*Rule 42.* If the record of a cause and the copies thereof and the briefs of counsel for the plaintiff in error or appellant shall not be filed as required by the rules of this court, then when the case is reached in the regular call of the trial list at any regular term or adjourned trial term of this court, the defendant in error or appellee may, after reasonable notice to the adverse party of an intention to move therefor, have such relief as this court may deem just and equitable.

"*Rule 43.* No writ of error or appeal shall be dismissed because the transcript shall not have been transmitted within the time prescribed, if it shall appear to this court that such delay was occasioned by the neglect, omission or inability of the prothonotary, register or clerk of the court below; but such neglect, omission or inability shall not be presumed, but must be shown by the appellant or plaintiff in error."

"*Rule* 73. The court, or in vacation any judge thereof entitled to sit in the cause, may by special order made upon petition therefor seasonably presented, after reasonable notice to the counsel for the adverse party, extend the time for filing the record and for filing briefs."

Counsel for the appellants in explanantion, or excuse, of their failure to file or transmit the above mentioned papers in compliance with the rules of court say:

That the most important paper required to be filed in this court, upon which every subsequent step depended, and without which no trial could be had, is the record of the cause, which consists of testimony unusually voluminous and exhibits unusually numerous; that the register of the court below was unable to transmit to this court a copy of the record of the cause in the court below in compliance with *Rule* 7 and in such case *Rule* 43 applies, which provides that "no writ of error or appeal shall be dismissed because the transcript shall not have been transmitted within the time prescribed, if it shall appear to this court that such delay was occasioned by the neglect, omission or inability of the prothonotary, register or clerk of the court below"; that the inability of the register to transmit the record was caused by the failure of the stenographer for the Court of Chancery, who took down the testimony in the court below, to deliver to the register a copy thereof, which testimony constitutes a considerable and essential part of the record; that because of the large volume of testimony and great number of exhibits, and his other court duties, the stenographer was unable to transcribe the testimony and deliver the same to the register in time for him to comply with the rules.

The register in chancery was produced by the appellants and testified that he could not transmit the record of the court below to this court in the time prescribed by the rule because the stenographer, upon whom he had to depend, and whom he asked to prepare the record for him, could not complete it in time on account of the great volume of testimony taken in the case, and his other court duties.

The decree in the court below was entered June 14, 1921. The præcipe was filed in this court August 24, 1921, and the citation and writ of error were issued and the writ of error served on the same day.

The court are of the opinion that *Rule* 43 expressly applies to the facts of this case, and prevents the dismissal of the appeal for failure to transmit and deliver the record to the clerk of this court in accordance with its rules, it being shown by the appellants that the register was unable, within the meaning of the rule, to transmit the record in the prescribed time.

In this connection we call attention to *Rule* 42 of the Supreme Court which indicates very clearly that when the rules were made the judges comtemplated there might be cases in which the record of the cause, the copies thereof and the copies of briefs of counsel would not be filed as required by the rules. And it was accordingly provided by *Rule* 42 that when such a case is reached in the regular call of the trial list, the defendant in error or appellee may, after reasonable notice to the adverse party of an intention to move therefor, have, not a dismissal of the appeal, but such relief as the court may deem just and equitable.

It is reasonable, we think, that the judges should have anticipated such a case, and the reason no doubt was the thought that it might be impossible to prepare the record in some cases in the prescribed time, considering that the clerk of the lower court would be dependent upon the stenographer who took the testimony for a copy thereof, and considering also that the stenographer has other court duties to perform. The court know, and will take notice of the fact that the record, which must be certified to this court by the clerk of the court below, is, and must be, prepared very largely by the stenographer who took the testimony, especially in a case where the testimony is of such character and volume as in the present case.

The refusal of the court to dismiss the appeal because the record was not transmitted or filed in conformity with the rule necessarily disposes of appellee's motion to dismiss the appeal on account of appellant's failure to file with the clerk of this court copies of the record and copies of briefs of counsel, because they were not required to be filed until a transcript of the record was transmitted to this court.

But counsel for the appellee contend that the appeal should nevertheless be dismissed because appellants failed to file their assignment of errors in compliance with *Rule* 20. The assignment

of errors was filed three or four days after the time fixed by the rule, and it is insisted that the court is bound to dismiss the appeal for non-compliance with a rule of this court. But it will be observed that the assignment of errors is not required to be filed in this court, but in the court below, so that it may be made a part of the rceord which must be certified to this court. It could not, therefore, be filed here until the record was filed, and the appellee could not have been prejudiced, or even inconvenienced, by the failure of appellants to file the assignment of errors in the court below at the proper time. The filing in that court could not have expedited the trial of the cause, because no progress could be made until the record was filed in this court.

The rules of court prevent the dismissal of a case for failure to transmit the record to this court, if such failure is shown by the appellant to have been owing to the inability of the clerk to transmit it. The rules of court also make the assignment of errors a part of the record to be transmitted to this court.

The court hold, that under *Rules* 42 and 43 the appeal cannot be dismissed for the failure to file a transcript of the record, copies thereof and copies of appellants' brief; and they also hold that inasmuch as the assignment of errors is required to be filed in the court below for the purpose of being included in and made a part of the record to be certified to this court, the appeal should not be dismissed for failure to file the assignment of errors in the court below in conformity with the rule. It became a part of the record in the court below, for failure to file which the appeal should not be dismissed, and it is shown to the court by the appellants that the delay was caused by the inability of the register in chancery to transmit the transcript in the time prescribed.

It is true this court has dismissed a number of appeals and writs of error because papers were not filed in accordance with its rules, but in none were the facts similar to those in the present case. In no case cited by the appellee was the dismissal ordered because of the failure of the appellants to file an assignment of errors in the court below, and it does not appear in any of the cases that the clerk of the lower court was unable to transmit a copy of his record in the time prescribed by the rule.